UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GREGORY WHITTLE; and                                    Case No.: 6:10-bk-16063-KSJ
BETHANY CONE WHITTLE,                                   Chapter 7

Debtors,

PAUL WHITE, GATESHEATH                                  Adversary No.:
CONSULTANTS, LLC, and
GARCROFT TRUSTEES LIMITED,

Plaintiffs,

v.

GREGORY WHITTLE,

Defendant
_____/

## MOTION TO DISMISS

Defendant, GREGORY WHITTLE, by and through undersigned counsel, pursuant to to Rule 7012 of the Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rule of Civil Procedure files this Motion to Dismiss.

Plaintiffs have no standing to bring this proceeding. Under well established law, the right to recover damages to a corporation belongs to the corporation, not its owners. Plaintiffs' claims, if taken as true, create a claim for a corporation, but gives Plaintiffs no right to sue in their individual capacity.

"Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quoting *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1275 (11th

1

Cir. 2000)). Absent an adequate showing of standing, "a court is not free to opine in an advisory capacity about the merits of a plaintiff's claims." *Id*. The burden of establishing standing is on the Plaintiffs. *Id.* at 976; see also *AT&T Mobility, LLC v. National Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007)

Plaintiffs allege they owned and still own 50% of the membership units of a Florida Limited Liability Company, SGGUSA, LLC. (the "Corporation").  Plaintiffs allege that while Whittle was in control of the bank accounts and assets of SSGUSA, he damaged "Plaintiffs" by:

    a.   paying himself excessive and improper compensation;

    b.   improperly reimbursing personal expenses; and

    c.   making excessive distributions of monies and other assets

Although Plaintiffs' allege this conduct damaged "Plaintiffs," the alleged misconduct, if true, damaged the Corporation.

If Whittle misappropriated corporate assets the remedy is to return the assets to the Corporation.  Plaintiffs' allegations - paying an excessive salary, improperly reimbursing personal expenses, and making improper disbursements – all involve improper spending of corporate assets.  Plaintiffs have no ownership in the Corporations assets.  The assets belong to the Corporation.  As such, the right to sue for return of the assets belongs solely to the Corporation.  Numerous state and federal courts agree:

"A stockholder lacks standing to recover individually for injuries done to his corporation." *Mann v. Kendall Props. & Invs., LLC (In re AS Mgmt. Servs.)*, 2007 Bankr. LEXIS 2838 (Bankr. S.D. Fla. Aug. 16, 2007), *citing Hill v. Brady*, 737 So.2d 1243, 1244 (Fla. 5th DCA 1999) (shareholder had no right to bring individual action when alleged injury was directly tied to alleged corporate losses); *Lincoln Oldsmobile, Inc. v. Branch*, 574 So.2d 1111, 1114 (Fla. 2d

DCA 1990) (rule applies "even where the individual is the sole stockholder of the corporation") *citing Schaffer v. Universal Rundle Corp.*, 397 F.2d 893, 896 (5th Cir. 1968)    (only a corporation may sue for its own losses).

Plaintiff's allegations that Whittle took an excessive compensation are similar to the allegations in *Orlinsky v. Patraka*, 971 So. 2d 796, 801-802 (Fla. 3d.  DCA 2007).  There, a shareholder in his individual capacity sued an officer for paying himself an unauthorized distribution or bonus.  The *Orlinsky* court found the shareholder could not sue in his individual capacity.  The court held:

> Most importantly, however, is that if the distribution by VSI had been an illicit transfer or distribution, the proper course of action would be for Patraka to file a shareholder derivation suit, under Florida Statute section 607.07401, alleging corporate waste. A shareholder must file a derivative action for breach of fiduciary duty, claiming that the payment of excessive compensation constitutes corporate waste.

Id. at 801-802.  Just as in the *Orlinsky* case, Plaintiffs here do not have standing to sue Defendant for the paying an excessive salary.

Plaintiffs' also allege Whittle made improper distributions of other assets.    The allegations are similar to the allegations in *Chaul v. Abu-Ghazaleh*, 994 So. 2d 465, (Fla. 3d DCA 2008).  There, a shareholder alleged an officer sold assets of the corporation at less than fair market value so that he could collect on a bribe. The court found the shareholder could not sue in his individual capacity:  "Shareholders of [the company] have no standing to bring a direct action for injuries allegedly suffered by [the company]."  *Id*. at 467.

A similar situation occurred in *Hill v. Brady*, 737 So. 2d 1243 (Fla. 5th DCA 1999). There, the defendant officer allegedly paid himself an excessive salary, started a competing company, stole the original company's employees, and rendered the original company valueless. The court held:

Upon close examination of the pertinent allegations in Hill's complaint, we agree that the trial court was correct in entering summary judgment for the Bradys. The allegations show that any injury to Hill was primarily caused by the alleged injury to Photon. The allegations are that the Bradys' actions adversely affected Photon's business, thus causing Hill's stock to become worthless. The damages sought by Hill are tied directly to the alleged losses of the corporation. Therefore, the claims in these two counts are derivative in nature.

*Id*. at 1244.

The law is well settled Plaintiffs have no standing to bring claims for wrongful acts damaging the Corporation. *See Alario v. Miller*, 354 So.2d 925 (Fla. 2d DCA 1978), *citing* W. Fletcher, Cyclopedia of the Law of Private Corporations §§ 5911, 5924, 5926, 5928 (rev. ed. 1970) (When damages sustained by stockholder as a result of injury to the corporation, stockholder does not have a cause of action as an individual.) *Angelino v. Santa Barbara Enters., LLC*, 2 So. 3d 1100, 1104 (Fla. 3d DCA 2009) ("shareholders of a corporation have no standing to bring a direct action for injuries allegedly suffered by the corporation").

The underlying conduct can only support a claim by the Corporation, SSGUSA. Accordingly, Plaintiffs cannot state a claim on which relief can be granted, and Plaintiffs claim should be dismissed with prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a true and correct copy of this Motion to Dismiss to , Todd Hoepker, P.A., PO Box 3311, Orlando, Florida  32802  and to the US Trustee's Office, 135 W. Central Blvd, Orlando, FL 32801 on 26th day of January 2011.

/s/ David L. Robold. Esquire
131 Park Lake Street
Orlando, Florida 32803
Telephone: (407) 426-6999
Telecopy: (407) 872-2266
 Florida Bar No.: 083542

4