UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) <br> ) <br> GREGORY WHITTLE and ) <br> BETHANY CONE WHITTLE, ) <br> ) <br> Debtors. ) <br> ) | Case No. 6:10-bk-16063-KSJ <br> Chapter 7 |
| PAUL WHITE, GATESHEATH ) <br> TRUSTEES LIMITED, and GARCROFT ) <br> TRUSTEES LIMITED, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> GREGORY WHITTLE, ) <br> ) <br> Defendant. ) <br> ) | Adversary No. 6:10-ap-327 |

### MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING

The debtor and defendant, Gregory Whittle, asks the Court to dismiss[1] this adversary proceeding arguing that the plaintiffs, as members of a Florida limited liability company, lack standing to pursue derivative claims properly asserted only by the company. The Court agrees that the plaintiffs lack standing and will dismiss the adversary proceeding without prejudice allowing the plaintiffs to file an amended complaint no later than **June 2, 2011**.

In their complaint,[2] plaintiffs allege they own fifty percent (50%) of the membership units in SGGUSA, LLC, a Florida limited liability company ("SGGUSA"). Whittle, the debtor, was the managing member of SGGUSA and controlled all bank accounts, assets, and records of SGGUSA. Whittle allegedly used funds of the LLC improperly to pay himself excessive

---

[1] Doc. No. 4.
[2] Doc. No. 1.

compensation, to reimburse himself for expenses, and for other personal, as opposed to company, uses. The plaintiffs assert Whittle squandered at least $650,000 of SGGUSA's funds and then overtly concealed his wrongdoing by providing false accounting and operating reports. Plaintiffs seek a judgment of $650,000 against Whittle and a finding that the judgment is nondischargeable pursuant to Sections 523(a)(2) and (4) of the Bankruptcy Code.[3]

Whittle moves to dismiss the complaint on the ground that plaintiffs lack standing to pursue the lawsuit, arguing that the claims for diversion of company monies are general claims held by SGGUSA, not claims that individual members of the LLC can assert against Whittle directly. The damaged entity is SGGUSA, not the plaintiffs; thus, any right of recovery would belong to the LLC. The plaintiffs orally rebutted this argument, but filed no legal memorandum or written response.

In reviewing a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6),[4] courts must accept the factual allegations of the complaint as true and construe them in the light most favorable to the plaintiff.[5] Dismissal is appropriate under Rule 12(b)(6) if the plaintiff "can prove no set of facts that would support the claims in the complaint."[6] "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[7]

---

[3] All references to the Bankruptcy Code are to Title 11 of the United States Code.
[4] Made applicable to bankruptcy proceedings by Bankruptcy Rule 7012(b)(6).
[5] *Financial Security Assur., Inc. v. Stephens, Inc.*, 450 F.3d 1257, 1262 (11th Cir. 2006).
[6] *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).
[7] *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct 1955, 1964-65, 167 L. Ed. 2d 929 (2007)).

Standing is "the threshold question in every federal case."[8] The party invoking federal jurisdiction bears the burden of demonstrating his standing to sue.[9] To demonstrate standing, a party must show: (1) he has suffered, or imminently will suffer, an injury-in-fact; (2) the injury is fairly traceable to the defendant's conduct; and (3) a favorable judgment is likely to redress the injury.[10]

Determining whether a plaintiff has suffered a cognizable injury often requires examination of the cause of action he asserts. "Essentially, the standing question . . . is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."[11] Here, the cause of action is established by the Bankruptcy Code. The relevant portions of 11 U.S.C. § 523(a) state:

> A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
> . . . .
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> . . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

11 U.S.C. § 523(a)(2)(A) and (a)(4). Section 523(c)(1) states that a debtor will be discharged from a debt of the kind specified in § 523 (a)(2) and (a)(4), <u>unless</u> "on request of the creditor to whom such debt is owed," the bankruptcy court determines the debt is not to be discharged. Thus, only creditors to whom a debt is owed may assert that a debt is nondischargeable in bankruptcy.

---

[8] *Maverick Media Grp., Inc. v. Hillsborough Cnty., Fla.*, 528 F.3d 817, 819 (11th Cir. 2008) (internal quotations omitted).
[9] *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir. 2010) (*citing Pittman v. Cole*, 267 F.3d 1269, 1282 (11th Cir. 2001)).
[10] *Mulhall*, 618 F.3d at 1286 (*citing Harrell v. The Florida Bar*, 608 F.3d 1241, 1253 (11th Cir. 2010)).
[11] *Warth v. Seldin*, 422 U.S. 490, 500, 95 S. Ct. 2197, 2206, 45 L. Ed. 2d 343 (1975).

Thus, the essential question is whether plaintiffs are creditors of the debtor. Plaintiffs premise their Section 523(a)(2)(A) claim on the allegation that Whittle provided them with false financial records and then lied to them about his use of SGGUSA's monies and assets. Plaintiffs base their Section 523(a)(4) claim on allegations that Whittle's misuse of the LLC's monies amounts to fraud, embezzlement, or larceny. Taking these allegations as true, the Court absolutely could draw reasonable inferences that *SGGUSA* was damaged by Whittle's diversion of the LLC's funds. SGGUSA indeed may have a claim against Whittle. The alleged facts, however, do *not* support a conclusion that plaintiffs, as members of SGGUSA, are owed a debt by Whittle.

Plaintiffs orally argued that, by virtue of their membership in the LLC, its damages are their own personal damages. This argument fails because it disregards the fact that SGGUSA is a separate legal entity created pursuant to Florida statutes. The Florida statutory scheme is clear that a limited liability company holds property separate and apart from the property of its members:

> (1) All property originally contributed to the limited liability company or subsequently acquired by a limited liability company by purchase or otherwise is limited liability company property.
>
> (2) Unless otherwise provided in the articles of organization or the operating agreement, property acquired with limited liability company funds is limited liability company property.[12]

And, a limited liability company's property includes the right to be repaid wrongful distributions made to members. "If a member receives a distribution in violation of the articles of organization, the operating agreement, or this chapter, the member is liable to the limited liability company for a period of 3 years thereafter for the amount of the distribution wrongfully made."[13] The complaint here makes no allegation that SGGUSA's articles of organization or operating

---

[12] Fla. Stat. § 608.425.
[13] Fla. Stat. § 608.428.

agreement amend these statutory rights. As such, only SGGUSA can assert claims for wrongful distributions made to Whittle.

Plaintiffs do not allege facts that support a conclusion that they were injured individually; plaintiffs are not entitled to recover directly any damages that were inflicted on the LLC by Whittle's misuse of LLC property.[14] Thus, plaintiffs are not creditors to whom the debts alleged in the complaint are owed, and they do not have standing to pursue the nondischargeability actions pleaded in the complaint.[15]

For this reason, the Court grants defendant's Motion to Dismiss the Complaint[16] without prejudice. Plaintiffs may file an amended complaint on or before **June 2, 2011**. If an amended complaint is timely filed, Whittle is directed to file a response on or before **June 22, 2011**. A separate order consistent with this memorandum opinion will be entered simultaneously.

DONE AND ORDERED in Orlando, Florida, on May 17, 2011.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Attorney for Plaintiffs: Todd M. Hoepker, Todd M. Hoepker, PA, PO Box 3311, Orlando, FL 32802

Attorney for Defendant: David L. Robold, Robert & Robold, PA, 131 Park Lake Street, Orlando, FL 32803

---

[14] Florida law establishes a right of a member to bring a derivative action on behalf of a limited liability company; but, that action must be initiated through a statutorily-specified process of which plaintiffs have not availed themselves. *See* Fla. Stat. § 608.601.

[15] *Coleman v. Miller*, 270 B.R. 303 (D. Kan. 2001) (affirming dismissal on ground member of limited liability company did not have standing to bring adversary proceeding for determination of nondischargeability of debt owed by debtors to the company).

[16] Doc. No. 4.