UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

GREGORY WHITTLE and          CASE NO: 6:10-bk-16063-KSJ
BETHANY C. WHITTLE,

   Debtors.

PAUL WHITE, GATESHEATH
TRUSTEES LIMITED and
GARCROFT TRUSTEES LIMITED,

   Plaintiffs,

vs.

GREGORY WHITTLE,             ADVERSARY No: 6:10-ap-00327-KSJ

   Defendant.
_____/

## AMENDED COMPLAINT SEEKING EXCEPTION TO DISCHARGE

COME NOW, Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED (collectively "Plaintiffs"), by and through their undersigned attorneys, and allege:

### GENERAL ALLEGATIONS

1. This is an action seeking an exception to discharge pursuant to 11 U.S.C. §523(a)(2) and/or §523(a)(4) and/or §523(a)(6).

2. This is a core proceeding pursuant to 28 U.S.C. §157(b) and the Court has jurisdiction over this action and the parties by virtue of 11 U.S.C. §1334 and 11 U.S.C. §1471.

3. Defendant/Debtor, GREGORY WHITTLE ("Debtor"), resides in Seminole County, Florida.

1

4.   On or about September 9, 2010, Debtor filed a voluntary petition for relief under Chapter 7 of Title 11, United States Code.

5.   Sometime in August 2007, Plaintiffs paid the sum of at least $350,000.00 in exchange for 50% of the membership units in a Florida limited liability company, SGGUSA, LLC ("SGGUSA"). At all times material hereto, Plaintiffs owned and still own 50% of the membership units in SGGUSA.

6.   At all times material hereto, Debtor was the managing member of SGGUSA and was in control and possession of all bank accounts, assets, and records of SGGUSA and its day-to-day operations.

7.   Plaintiffs loaned at least $800,000.00 to Debtor and/or SGGUSA. Plaintiffs also guaranteed a line of credit for Debtor and/or SGGUSA in the amount of $500,000.00.

8.   Plaintiffs are creditors of Debtor.

9.   All conditions precedent to this action have occurred, have been performed, or have been waived.

### COUNT I

10.   Plaintiffs incorporate and reallege paragraphs 1 through 9 above as though fully set forth herein.

11. Without the consent, knowledge, or approval of Plaintiffs, Debtor intentionally engaged in fraud, embezzlement, and conversion and willfully and maliciously injured Plaintiffs,

2

the property of Plaintiffs, and Plaintiffs' interests in SGGUSA by *inter alia*:

    a.    falsely advising Plaintiffs that he had properly managed the business operations of SGGUSA, that all it needed has additional monies to fund future operations, and that it would be profitable;

    b.    encouraging Plaintiffs to loan and contribute monies and to arrange for and guarantee a $500,000.00 line of credit through false and inaccurate misrepresentations of past and future business, business prospects and the profits which were made and could be made;

    c.    paying himself excessive and improper compensation;

    d.    reimbursing personal expenses;

    e.    making excessive and improper distributions of monies and other assets;

    f.    structuring the sale of the assets to a third party for his sole benefit and to the detriment of Plaintiffs;

    g.    stripping the funds Plaintiffs loaned and contributed and stripping SGGUSA of its assets so that it became worthless and insolvent; and

    h.    concealing his improper actions and conduct by, *inter alia*:

    i. providing falsified and inaccurate financial and accounting records and operating reports to Plaintiffs;

3

ii. providing false and inaccurate information regarding the operations, business prospects, future profits, and financial condition of SGGUSA; and

iii. falsely advising Plaintiffs that all of the assets of SGGUSA had been sold and the proceeds used to pay the debts of SGGUSA (other than those owed to Plaintiffs) and that there were no monies left to be repaid or disbursed to Plaintiffs.

12. In a further attempt to conceal his fraud, embezzlement, and conversion, Debtor intentionally omitted to advise Plaintiffs that he had engaged in the conduct referenced in paragraph 11 above.

13. The above-referenced misrepresentations and omissions were made with the specific intent to fraudulently induce Plaintiffs to loan and contribute funds, to guarantee the line of credit, to otherwise defraud Plaintiffs, to embezzle funds and assets from Plaintiffs, and to willfully and maliciously injure Plaintiffs and convert Plaintiffs' property for Debtor's own personal use and benefit and to the detriment of Plaintiffs.

14. The misrepresentations and omissions of Debtor were materially false and otherwise misleading when made and were made with the present intent not to perform.

15. Plaintiffs reasonably and justifiably relied on each and every one of the above-referenced misrepresentations and omissions.

16.  As a direct and proximate result of the above-referenced conduct by Debtor, Plaintiffs have been directly damaged by, *inter alia*, the loss of the monies loaned or contributed and their liability for the guarantee of the line of credit.

17.  As a result of the above-described acts, Debtor has obtained money or property through false pretenses, a false representation or actual fraud, within the meaning of 11 U.S.C. §523(a)(2) and/or committed embezzlement within the meaning of 11 U.S.C. §523(a)(4) and/or willfully and maliciously injured Plaintiffs and converted Plaintiffs' property within the meaning of 11 U.S.C. §523(a)(6).

18.  Debtor owed and owes a debt directly to Plaintiffs as a result of the above-described acts and Plaintiffs therefore have standing to pursue this claim against Debtor.

19.  Plaintiffs are owed a debt in the amount of at least $650,000.00 from Debtor, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, request that this Court determine the dischargability of the debt owed to Plaintiffs by Defendant/Debtor, GREGORY WHITTLE, declare the debt to be excepted from discharge, determine the amount thereof, enter judgment on same, and award such other and further relief as is just and proper.

5

## COUNT II

20.   Plaintiffs incorporate and reallege paragraphs 1 through 9 above as though fully set forth herein.

21.   On or about August 28, 2007, Plaintiffs and Debtor entered into an operating agreement to SGGUSA. A copy of the operating agreement (the "Agreement") is attached hereto and incorporated herein as Exhibit "A".

22.   Section 9.8 of the Agreement provides, *inter alia*, that Debtor shall indemnify Plaintiffs and hold Plaintiffs harmless from and against any and all damages, liabilities, losses, taxes, fines, penalties, costs and expenses (including but not limited to attorney's fees) which Plaintiffs may sustain or suffer arising out of or based upon: i) fraud or intentional misrepresentations made by Debtor to SGGUSA or Plaintiffs; or ii) any other matter whatsoever and whenever arising, related to Debtor or any of his affiliates or arising out of any action, omission, conduct or business of Debtor or his affiliates.

23.   Without the consent, knowledge, or approval of Plaintiffs, Debtor intentionally engaged in fraud, embezzlement, and conversion and willfully and maliciously injured Plaintiffs, the property of Plaintiffs, and Plaintiffs' interests in SGGUSA by *inter alia*:

6

a.    falsely advising Plaintiffs that he had properly managed the business operations of SGGUSA, that all it needed has additional monies to fund future operations, and that it would be profitable;

b.    encouraging Plaintiffs to loan and contribute monies and to arrange for and guarantee a $500,000.00 line of credit through false and inaccurate misrepresentations of past and future business, business prospects and the profits which were made and could be made;

c.    paying himself excessive and improper compensation;

d.    reimbursing personal expenses;

e.    making excessive and improper distributions of monies and other assets;

f.    structuring the sale of the assets to a third party for his sole benefit and to the detriment of Plaintiffs;

g.    stripping the funds Plaintiffs loaned and contributed and stripping SGGUSA of its assets so that it became worthless and insolvent; and

h.    concealing his improper actions and conduct by, *inter alia*:

i. providing falsified and inaccurate financial and accounting records and operating reports to Plaintiffs;

7

ii. providing false and inaccurate information regarding the operations, business prospects, future profits, and financial condition of SGGUSA; and

iii. falsely advising Plaintiffs that all of the assets of SGGUSA had been sold and the proceeds used to pay the debts of SGGUSA (other than those owed to Plaintiffs) and that there were no monies left to be repaid or disbursed to Plaintiffs.

24. In a further attempt to conceal his fraud, embezzlement, and conversion, Debtor intentionally omitted to advise Plaintiffs that he had engaged in the conduct referenced in paragraph 23 above.

25. The above-referenced misrepresentations and omissions were made with the specific intent to fraudulently induce Plaintiffs to loan and contribute funds, to guarantee the line of credit, to otherwise defraud Plaintiffs, to embezzle funds and assets from Plaintiffs, and to willfully and maliciously injure Plaintiffs and convert Plaintiffs' property for Debtor's own personal use and benefit and to the detriment of Plaintiffs.

26. The misrepresentations and omissions of Debtor were materially false and otherwise misleading when made and were made with the present intent not to perform.

27. Plaintiffs reasonably and justifiably relied on each and every one of the above-referenced misrepresentations and omissions.

28.   As a direct and proximate result of the above-referenced conduct by Debtor, Plaintiffs have been directly damaged by, *inter alia*, the loss of the monies loaned or contributed and their liability for the guarantee of the line of credit.

29.   As a result of the above-described acts, Debtor has obtained money or property through false pretenses, a false representation or actual fraud, within the meaning of 11 U.S.C. §523(a)(2) and/or committed embezzlement within the meaning of 11 U.S.C. §523(a)(4) and/or willfully and maliciously injured Plaintiffs and converted Plaintiffs' property within the meaning of 11 U.S.C. §523(a)(6).

30.   Pursuant to Section 9.8 of the Agreement, Debtor owed and owes a debt directly to Plaintiffs as a result of the above-described acts and Plaintiffs therefore have standing to pursue this claim against Debtor.

31.   Plaintiffs are owed a debt in the amount of at least $650,000.00 from Debtor, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, request that this Court determine the dischargability of the debt owed to Plaintiffs by Defendant/Debtor, GREGORY WHITTLE, declare the debt to be excepted from discharge, determine the amount thereof, enter judgment on same, and award such other and further relief as is just and proper.

## COUNT III

32.    Plaintiffs incorporate and reallege paragraphs 1 through 9 above as though fully set forth herein.

33.    Pursuant to §608.4225, Fla.Stat., Debtor owed certain fiduciary duties to Plaintiffs, including: a) the duty of loyalty to Plaintiffs which require him, among other things, to refrain from self-dealing and acting for his own personal and individual interests and to the detriment of Plaintiffs; and b) the duty of care to Plaintiffs which require him, among other things, to refrain from intentional misconduct or a knowing violation of law.

34.    Without the consent, knowledge, or approval of Plaintiffs, Debtor intentionally engaged in fraud, embezzlement, and conversion and willfully and maliciously injured Plaintiffs, the property of Plaintiffs, and Plaintiffs' interests in SGGUSA by *inter alia*:

a.    falsely advising Plaintiffs that he had properly managed the business operations of SGGUSA, that all it needed has additional monies to fund future operations, and that it would be profitable;

b.    encouraging Plaintiffs to loan and contribute monies and to arrange for and guarantee a $500,000.00 line of credit through false and inaccurate misrepresentations of past and future business, business prospects and the profits which were made and could be made;

10

c.   paying himself excessive and improper compensation;

d.   reimbursing personal expenses;

e.   making excessive and improper distributions of monies and other assets;

f.   structuring the sale of the assets to a third party for his sole benefit and to the detriment of Plaintiffs;

g.   stripping the funds Plaintiffs loaned and contributed and stripping SGGUSA of its assets so that it became worthless and insolvent; and

h.   concealing his improper actions and conduct by, *inter alia*:

i. providing falsified and inaccurate financial and accounting records and operating reports to Plaintiffs;

ii. providing false and inaccurate information regarding the operations, business prospects, future profits, and financial condition of SGGUSA; and

iii. falsely advising Plaintiffs that all of the assets of SGGUSA had been sold and the proceeds used to pay the debts of SGGUSA (other than those owed to Plaintiffs) and that there were no monies left to be repaid or disbursed to Plaintiffs.

35.  In a further attempt to conceal his fraud, embezzlement, and conversion, Debtor intentionally omitted to advise Plaintiffs that he had engaged in the conduct referenced in paragraph 34 above.

11

36.   The above-referenced misrepresentations and omissions were made with the specific intent to fraudulently induce Plaintiffs to loan and contribute funds, to guarantee the line of credit, to otherwise defraud Plaintiffs, to embezzle funds and assets from Plaintiffs, and to willfully and maliciously injure Plaintiffs and convert Plaintiffs' property for Debtor's own personal use and benefit and to the detriment of Plaintiffs.

37.   The misrepresentations and omissions of Debtor were materially false and otherwise misleading when made and were made with the present intent not to perform.

38.   Plaintiffs reasonably and justifiably relied on each and every one of the above-referenced misrepresentations and omissions.

39.   As a direct and proximate result of the above-referenced conduct by Debtor, Plaintiffs have been directly damaged by, *inter alia*, the loss of the monies loaned or contributed and their liability for the guarantee of the line of credit.

40.   As a result of the above-described acts, Debtor has obtained money or property through false pretenses, a false representation or actual fraud, within the meaning of 11 U.S.C. §523(a)(2) and/or committed embezzlement within the meaning of 11 U.S.C. §523(a)(4) and/or willfully and maliciously injured Plaintiffs and converted Plaintiffs' property within the meaning of 11 U.S.C. §523(a)(6).

41.  Pursuant to §608.4225, Fla.Stat., Debtor owed and owes a debt directly to Plaintiffs as a result of the above-described acts and Plaintiffs therefore have standing to pursue this claim against Debtor.

42.  Plaintiffs are owed a debt in the amount of at least $650,000.00 from Debtor, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, request that this Court determine the dischargability of the debt owed to Plaintiffs by Defendant/Debtor, GREGORY WHITTLE, declare the debt to be excepted from discharge, determine the amount thereof, enter judgment on same, and award such other and further relief as is just and proper.

## COUNT IV

43.  Plaintiffs incorporate and reallege paragraphs 1 through 9 above as though fully set forth herein.

44.  After Plaintiffs made the above-referenced loans, SGGUSA became insolvent or was in the vicinity of insolvency and therefore Debtor owed a fiduciary duty and a duty of loyalty to Plaintiffs as creditors of SGGUSA.

45.  Without the consent, knowledge, or approval of Plaintiffs, Debtor intentionally engaged in fraud, embezzlement, and conversion and willfully and maliciously injured Plaintiffs,

13

the property of Plaintiffs, and Plaintiffs' interests in SGGUSA by *inter alia*:

      a.    falsely advising Plaintiffs that he had properly managed the business operations of SGGUSA, that all it needed has additional monies to fund future operations, and that it would be profitable;

      b.    encouraging Plaintiffs to loan and contribute monies and to arrange for and guarantee a $500,000.00 line of credit through false and inaccurate misrepresentations of past and future business, business prospects and the profits which were made and could be made;

      c.    paying himself excessive and improper compensation;

      d.    reimbursing personal expenses;

      e.    making excessive and improper distributions of monies and other assets;

      f.    structuring the sale of the assets to a third party for his sole benefit and to the detriment of Plaintiffs;

      g.    stripping the funds Plaintiffs loaned and contributed and stripping SGGUSA of its assets so that it became worthless and insolvent; and

      h.    concealing his improper actions and conduct by, *inter alia*:

      i. providing falsified and inaccurate financial and accounting records and operating reports to Plaintiffs;

          ii. providing false and inaccurate information regarding the operations, business prospects, future profits, and financial condition of SGGUSA; and

          iii. falsely advising Plaintiffs that all of the assets of SGGUSA had been sold and the proceeds used to pay the debts of SGGUSA (other than those owed to Plaintiffs) and that there were no monies left to be repaid or disbursed to Plaintiffs.

46. In a further attempt to conceal his fraud, embezzlement, and conversion, Debtor intentionally omitted to advise Plaintiffs that he had engaged in the conduct referenced in paragraph 45 above.

47. The above-referenced misrepresentations and omissions were made with the specific intent to fraudulently induce Plaintiffs to loan and contribute funds, to guarantee the line of credit, to otherwise defraud Plaintiffs, to embezzle funds and assets from Plaintiffs, and to willfully and maliciously injure Plaintiffs and convert Plaintiffs' property for Debtor's own personal use and benefit and to the detriment of Plaintiffs.

48. The misrepresentations and omissions of Debtor were materially false and otherwise misleading when made and were made with the present intent not to perform.

49. Plaintiffs reasonably and justifiably relied on each and every one of the above-referenced misrepresentations and omissions.

50.  As a direct and proximate result of the above-referenced conduct by Debtor, Plaintiffs have been directly damaged by, *inter alia*, the loss of the monies loaned or contributed and their liability for the guarantee of the line of credit.

51.  As a result of the above-described acts, Debtor has obtained money or property through false pretenses, a false representation or actual fraud, within the meaning of 11 U.S.C. §523(a)(2) and/or committed embezzlement within the meaning of 11 U.S.C. §523(a)(4) and/or willfully and maliciously injured Plaintiffs and converted Plaintiffs' property within the meaning of 11 U.S.C. §523(a)(6).

52.  Pursuant to Debtor's fiduciary duty and duty of loyalty to Plaintiffs as creditors of SGGUSA while it was insolvent or in the vicinity of insolvency, Debtor owed and owes a debt directly to Plaintiffs as a result of the above-described acts and Plaintiffs therefore have standing to pursue this claim against Debtor.

53.  Plaintiffs are owed a debt in the amount of at least $650,000.00 from Debtor, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, request that this Court determine the dischargability of the debt owed to Plaintiffs by Defendant/Debtor, GREGORY WHITTLE, declare the debt to be excepted from discharge, determine the amount thereof, enter judgment on

same, and award such other and further relief as is just and proper.

**COUNT V**

54. Plaintiffs reallege paragraphs 1 through 9 above as though fully set forth herein.

55. Plaintiffs bring this action against Debtor individually and derivatively on behalf of SGGUSA.

56. Without the consent, knowledge, or approval of Plaintiffs, Debtor intentionally engaged in fraud, embezzlement, and conversion and willfully and maliciously injured Plaintiffs and/or SGGUSA, the property of Plaintiffs and/or SGGUSA, and Plaintiffs' interests in SGGUSA by *inter alia*:

   a.   falsely advising Plaintiffs that he had properly managed the business operations of SGGUSA, that all it needed has additional monies to fund future operations, and that it would be profitable;

   b.   encouraging Plaintiffs to loan and contribute monies and to arrange for and personally guarantee a $500,000.00 line of credit through false and inaccurate misrepresentations of past and future business, business prospects and the profits which were made and could be made;

   c.   paying himself excessive and improper compensation;

   d.   reimbursing personal expenses;

17

        e.    making excessive and improper distributions of monies and other assets;

        f.    structuring the sale of the assets to a third party for his sole benefit and to the detriment of Plaintiffs;

contributed and stripping SGGUSA of its assets so that it became worthless and insolvent; and

        h.    concealing his improper actions and conduct by, *inter alia*:

        i. providing falsified and inaccurate financial and accounting records and operating reports to Plaintiffs;

        ii. providing false and inaccurate information regarding the operations, business prospects, future profits, and financial condition of SGGUSA; and

        iii. falsely advising Plaintiffs that all of the assets of SGGUSA had been sold and the proceeds used to pay the debts of SGGUSA (other than those owed to Plaintiffs) and that there were no monies left to be repaid or disbursed to Plaintiffs.

    57.    In a further attempt to conceal his fraud, embezzlement, and conversion, Debtor intentionally omitted to advise Plaintiffs that he had engaged in the conduct referenced in paragraph 56 above.

    58.    The above-referenced misrepresentations and omissions were made with the specific intent to fraudulently induce

Plaintiffs to loan and contribute funds, to guarantee the line of credit, to otherwise defraud Plaintiffs, to embezzle funds and assets from Plaintiffs and SGGUSA, and to willfully and maliciously injure Plaintiffs and SGGUSA and convert the property of Plaintiffs and SGGUSA for Debtor's own personal use and benefit and to the detriment of Plaintiffs and SGGUSA.

59.    The misrepresentations and omissions of Debtor were materially false and otherwise misleading when made and were made with the present intent not to perform.

60.    Plaintiffs reasonably and justifiably relied on each and every one of the above-referenced misrepresentations and omissions.

61.    As a direct and proximate result of the above-referenced conduct by Debtor, Plaintiffs and SGGUSA have been damaged.

62.    As a result of the above-described acts, Debtor has obtained money or property through false pretenses, a false representation or actual fraud, within the meaning of 11 U.S.C. §523(a)(2) and/or committed embezzlement within the meaning of 11 U.S.C. §523(a)(4) and/or willfully and maliciously injured Plaintiffs and SGGUSA and converted the property of Plaintiffs and SGGUSA within the meaning of 11 U.S.C. §523(a)(6).

63.    Plaintiffs have not made a formal demand upon Debtor before bringing this claim against Debtor because any demand would be futile in light of the facts that Debtor is SGGUSA's managing member, that Debtor holds a 50% membership interest in SGGUSA, and

19

that Debtor is the perpetrator of the wrongdoing alleged by Plaintiffs in this action. To the extent formal demand would not be futile and is required, demand is hereby made upon Debtor to investigate his own conduct along with Plaintiffs.

64.  Plaintiffs and/or SGGUSA are owed a debt in the amount of at least $650,000.00 from Debtor, plus interest, attorney's fees and costs.

WHEREFORE, Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, individually and derivatively on behalf of SGGUSA, LLC, request that this Court determine the dischargability of the debt owed to Plaintiffs and/or SGGUSA, LLC by Defendant/Debtor, GREGORY WHITTLE, declare the debt to be excepted from discharge, determine the amount thereof, enter judgment on same, and award such other and further relief as is just and proper.

DATED this __2__ day of June, 2011.

Respectfully submitted,

TODD M. HOEPKER, P.A.
Post Office Box 3311
Orlando, Florida 32802-3311
Telephone: (407) 426-2060
Facsimile: (407) 426-2066
ATTORNEY FOR PLAINTIFFS

By: _____
Todd M. Hoepker, Esquire
Florida Bar No: 507611

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the ECF system and U.S. Mail to: JOSEPH D. ORT, ESQUIRE, 2739 South Maguire Road, Ocoee, FL 34761; and DAVID L. ROBOLD, ESQUIRE, Robert & Robold, P.A., 823 Irma Ave., Orlando, FL 32803 on this ___ day of June, 2011.



TODD M. HOEPKER, ESQUIRE

\\RECEPTIONPC\MyFiles\26089\10001\AMEND ADVERSARYCOMPLT.doc

## VERIFICATION

Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, hereby verify all allegations made in Count **V** of the Amended Adversary Complaint Seeking Exception to Discharge.

PAUL WHITE

GATESHEATH TRUSTEES LIMITED

Print Name: _PETER ANTHONY CROMPTON_
Title: _DIRECTOR_

GARCROFT TRUSTEES LIMITED

Print Name: _PETER ANTHONY CROMPTON_
Title: _DIRECTOR_

SWORN TO AND SUBSCRIBED before me this ____ day of _____, 2011 by PAUL WHITE, who is personally known to me or has produced _____ as identification, and who did take an oath.

(NOTARY SEAL)

(Notary Signature)

Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

SWORN TO AND SUBSCRIBED before me this _31st_ day of
___MAY___, 2011 by _PETER ANTHONY CROMPTON_ of GATESHEATH
TRUSTEES LIMITED, as ___DIRECTOR___ (title), who is personally known
to me or has produced _____ as
identification, and who did take an oath.

(NOTARY SEAL)

_____
(Notary Signature)

___Mark Dougherty___
Notary Name Printed)
NOTARY PUBLIC
Commission No. ___N/A___

            Mark R. Dougherty
            The Chambers
            5 Mount Pleasant
            Douglas
            Isle of Man


SWORN TO AND SUBSCRIBED before me this _31st_ day of
_MAY_, 2011 by _PETER ANTHONY CROMPTON_ of GARCROFT
TRUSTEES LIMITED, as ___DIRECTOR___ (title), who is personally known
to me or has produced _____ as
identification, and who did take an oath.

(NOTARY SEAL)

_____
(Notary Signature)

___Mark Dougherty___
Notary Name Printed)
NOTARY PUBLIC
Commission No. ___N/A___

            Mark R. Dougherty
            The Chambers
            5 Mount Pleasant
            Douglas
            Isle of Man

## VERIFICATION

Plaintiffs, PAUL WHITE, GATESHEATH TRUSTEES LIMITED, and GARCROFT TRUSTEES LIMITED, hereby verify all allegations made in Count V of the Amended Adversary Complaint Seeking Exception to Discharge.

Certified as the true signature
of M. PauL . WHiTE
affixed hereto
Monaco, the 31ˢᵗ of May 2011

Nathalie AUREGLIA-CARUSO
NOTAIRE
Principauté de MONACO

PAUL WHITE

GATESHEATH TRUSTEES LIMITED

Print Name: _____
Title: _____

GARCROFT TRUSTEES LIMITED

Print Name: _____
Title: _____

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2011 by PAUL WHITE, who is personally known to me or has produced _____ as identification, and who did take an oath.

(NOTARY SEAL)

_____
(Notary Signature)

_____
Notary Name Printed)
NOTARY PUBLIC
Commission No. _____

Certified as the true signature
of M. Paul . WHITE
affixed hereto
Monaco, the 31st of May 2011

Nathalie AUREGLIA-CARUSC
NOTAIRE
Principauté de MONACO

**AFFIDAVIT**

PAUL WHITE

PAUL WHITE

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me this ____ day of _____, 2011, by
_____.

_____
Signature of Notary Public

_____
(Print Notary Name)

**AFFIX NOTARY STAMP**

My Commission Expires: _____
Commission No.: _____
Personally known, or
Produced Identification
Type of Identification Produced
_____