UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

GREGORY WHITTLE; and         Case No.: 6:10-bk-16063-KSJ
BETHANY CONE WHITTLE,      Chapter 7

Debtors,

PAUL WHITE, GATESHEATH       Adversary No.: 6:10-ap-327
CONSULTANTS, LLC, and
GARCROFT TRUSTEES LIMITED,

Plaintiffs,

v.

GREGORY WHITTLE,

Defendant
_____/

## MOTION TO DISMISS AMENDED COMPLAINT

Defendant, GREGORY WHITTLE, by and through undersigned counsel, pursuant to Rule 7012 of the Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rule of Civil Procedure files this Motion to Dismiss Plaintiffs' Amended Complaint.

1

## Background

1. Plaintiffs filed a complaint against the Debtor seeking exception to discharge for debt related to Debtor's operation of SGGUSA, LLC, a company of which Plaintiffs are members.

2. Whittle filed a Motion to Dismiss the Complaint, arguing Plaintiffs do not have standing to bring the claims.

3. On May 17, 2011, the Court issued an Order granting the Motion to Dismiss and a Memorandum of Law explaining the Court's position. The Court explained Plaintiffs allegations provide a basis for a claim by the corporation, but not by its members.

4. Plaintiffs filed an Amended Complaint. The Amended Complaint attempts to cure the standing problem by adding allegations that the Operating Agreement requires Whittle to indemnify the corporation and its members, and also by adding a derivative claim.

5. The Amended Complaint should be dismissed. The indemnity language in the operating agreement does not change the fact that the entity that suffered the alleged harm is the corporation, and only the corporation has a right to bring the claim. Further, the Court does not have jurisdiction to hear the derivative claim because it was not timely filed.

## Argument

### A. Standing

Debtor incorporates this Court's Memorandum Opinion Granting Defendant's Motion to Dismiss Adversary Proceeding, which explains the law on standing. The new issue raised is whether an indemnity agreement within the operating agreement alters the law so that Plaintiffs have standing.

The indemnity agreement has no bearing on Plaintiffs' standing. The indemnity provision requires Whittle to indemnify the corporation and the members for damages caused by Debtor's misconduct. However, if the allegations in the Amended Complaint are true, the Corporation suffered the damage, not the members. An indemnity agreement does not shift who suffered the loss, it just states who is responsible for covering the loss.

Plaintiffs' Amended Complaint fails because they are still attempting to sue Debtor for damage Debtor allegedly caused to the corporation, i.e. taking an excessive salary, improperly reimbursing personal expenses, taking improper distributions and covering his alleged misconduct by preparing inaccurate financial statements and other communications. There is not a single allegation within Plaintiffs Amended Complaint that any money was transferred or taken directly from Plaintiffs to Debtor.

The Court quotes Fla. Stat. 608.425 in its Memorandum Opinion:

>All property originally contributed to the limited liability company or subsequently acquired by a limited liability company by purchase or otherwise is limited liability company property.
>
>Unless otherwise provided in the articles of organization or the operating agreement, property acquired with limited liability company funds is limited liability company property.

The indemnity agreement in the operating agreement does not state property originally contributed or acquired with company funds is property of the members. This is the key to this entire argument. The indemnity agreement has no impact on who owns corporate property, and thus who is damaged when the property is stolen or embezzled. Therefore, the indemnity agreement has no impact on Plaintiffs' standing, and the Amended Complaint should be dismissed.

### B.  Plaintiffs' Derivative Claim

The Court is without jurisdiction to hear Plaintiffs' derivative claim. Rule 4007(c) establishes the time limits for filing an action to contest dischargability: "[a] complaint to determine the dischargeability of a debt under § 523(c) **shall** be filed no later than 60 days after the first date set for the meeting of creditors under § 341 (a)." *Emphasis added.*

Plaintiffs attempt to allege a derivative action is the same as a separate party attempting to file a complaint to determine discharability. It is untimely, and therefore is not permitted under the rules.

The party in interest in an individual shareholder action is separate and distinct from the party in interest in a derivative action.

For with respect to a stockholder's derivative action:

The action is not to establish a personal right. Stockholders are permitted to sue ex necessitate rei, and although by the record the corporation may be made a party defendant, the stockholder bringing the action is in fact its representative. **Otherwise than in name the action is by the corporation, and if relief be obtained it belongs, not to the stockholder bringing the action, but to the corporation. The cause of action belongs to the corporation and not to the stockholders individually or collectively, and hence the decree ordinarily must award relief to the corporation rather than to the actual plaintiff.**

The corollary of these principles of law is that in a derivative action the corporation on behalf of which the stockholders sue is an indispensable party, and the court has no jurisdiction to adjudicate the rights of that corporation in its absence as a party, as was the case here.

The corporation is a necessary defendant. In other words, the corporation on behalf of which plaintiffs sue must be made a party defendant so that a decree may appropriately give the corporation the fruit of any recovery by the plaintiffs.[1] The corporation is not merely a proper party, but is an essential, indispensable party, and the failure to make the corporation a party is not a mere defect of parties but leaves the stockholder without a cause of action and the court without jurisdiction.

*Alario v. Miller*, 354 So. 2d 925, 927 (Fla. 2d DCA 1978), *bold added*, *quoting* 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5997 (rev. ed. 1970). Plaintiffs' Amended Complaint should be dismissed because the

---

[1] Plaintiffs Amended Complaint should also be dismissed because it fails to add the corporation as a defendant.

5

Court does not have jurisdiction to hear a claim belonging to a new party where the claim was not timely filed.

## CERTIFICATE OF SERVICE

I certify a true copy of the foregoing has been furnished via the ECF System and U.S. Mail to the parties on the attached service list this 21st day of June, 2011.

Respectfully submitted,

*/s/ Joseph D. Ort*_____
JOSEPH D. ORT, ESQUIRE
Florida Bar No: 15587
Joseph D. Ort, P.L.
2739 South Maguire Rd.
Ocoee, FL 34761
Phone: (407) 656-4500
Fax:    (407) 264-6288
Co-Counsel for Gregory Whittle

**Service List:**
Todd M. Hoepker, P.A.
Post Office Box 3311
Orlando, FL 32802-3311

David L. Robold, Esq.
Robold & Robold, P.A.
823 Irma Ave.
Orlando, FL 32803